IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| JEROME GREENE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 117-124 |
| | ) | (Formerly CR 116-056) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**O R D E R**

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation ("R&R"), to which objections have been filed. (Doc. no. 10.) In his objections, Petitioner argues an evidentiary hearing is necessary regarding his lost appeal claim because there is a factual dispute as to whether Petitioner instructed trial counsel to file a notice of appeal. (Doc. no. 10, p. 5.)

As the Magistrate Judge stated in his R&R, Petitioner signed a notice of post-conviction consultation certification indicating he decided not to file an appeal after trial counsel explained the consequences of not doing so. (Doc. no. 7, pp. 19-20); see also United States v. Greene, CR 116-056, doc. no. 14 (S.D. Ga. Jan. 10, 2017). "It is well-settled that the district court is not required to grant an evidentiary hearing when the defendant's claims are affirmatively contradicted by the record evidence . . . ." Rosin v. United States, 786 F.3d 873, 878 (11th Cir. 2015). Because the notice of post-conviction consultation certification affirmatively contradicts Petitioner's self-serving contention he instructed trial counsel to file

a notice of appeal, he is not entitled to a hearing on this claim. See Newham v. United States, Nos. CV 216-009, CR 214-012, 2017 WL 1823152, at *9 (S.D. Ga. May 5, 2017), adopted by 2017 WL 2589584 (S.D. Ga. June 14, 2017); Eubank v. United States, Nos. CV 416-054, CR 414-005, 2016 WL 750344, at *1 (S.D. Ga. Feb. 25, 2016), adopted by 2016 WL 1464578 (S.D. Ga. Apr. 13, 2016).

Accordingly, the Court **OVERRULES** Petitioner's objections, **ADOPTS** the Report and Recommendation of the Magistrate Judge as its opinion, and therefore **DENIES** Petitioner's motion filed pursuant to 28 U.S.C. § 2255.

Further, a federal prisoner must obtain a certificate of appealability ("COA") before appealing the denial of his motion to vacate. This Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) to the Rules Governing Section 2255 Proceedings. This Court should grant a COA only if the prisoner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For the reasons set forth in the Report and Recommendation, and in consideration of the standards enunciated in Slack v. McDaniel, 529 U.S. 473, 482-84 (2000), Petitioner has failed to make the requisite showing. Accordingly, the Court **DENIES** a COA in this case.[1] Moreover, because there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Accordingly, Petitioner is not entitled to appeal *in forma pauperis*. See 28 U.S.C. § 1915(a)(3).

---

[1] "If the court denies a certificate, a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a) to the Rules Governing Section 2255 Proceedings.

Upon the foregoing, the Court **CLOSES** this civil action and **DIRECTS** the Clerk to enter final judgment in favor of Respondent.

SO ORDERED this _7th_ day of August, 2018, at Augusta, Georgia.

J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA