IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CR 116-056 |
| | * | |
| JEROME GREENE | * | |

ORDER

Defendant Jerome Greene has filed an "Application for Modification of Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) as a Result of COVID-19." The Government opposes the motion. Upon due consideration, the Court denies Greene's request for relief.

As an initial matter, Greene speaks in terms of releasing him to home confinement and cites to a Memorandum from the Attorney General directing the Director of Bureau of Prisons ("BOP") to prioritize the use of "various statutory authorities to grant home confinement for inmates seeking transfer in connection with the ongoing COVID-19 pandemic." See Memorandum dated Mar. 26, 2020, *available at* https://www.justice.gov/file/1262731/download (last visited June 15, 2020). The statutory authority upon which the BOP is processing requests to transfer to home confinement is 18 U.S.C. § 3624(c)(2) and 34 U.S.C. § 60541; neither of these code sections vest the United States District Court with authority to order home confinement. Indeed, designation of an inmate's place

of confinement is within the absolute discretion of the BOP. E.g., Jones v. Woods, 2019 WL 2754731, *4 (M.D. Ala. Jun. 4, 2019) (cited sources omitted); Brown v. Atkinson, 2010 WL 3659634, *4 (S.D. Fla. Jun. 11, 2010) ("A federal district court does not have the authority to order an inmate's placement in a particular facility or program." (cited sources omitted).)  Accordingly, the Court cannot simply direct that his remaining sentence be served on home confinement based upon the Attorney General's Memorandum or the implementing statutory authority.

Greene also invokes the compassionate release provision of 18 U.S.C. § 3582(c)(1)(A) in support of his motion.  Section 3582(c)(1)(A) provides a narrow path for a district court to reduce the sentence of a criminal defendant in "extraordinary and compelling circumstances" if such reduction is "consistent with applicable policy statements issued by the [United States] Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Section 1B1.13 of the Sentencing Guidelines provides the applicable policy statement, explaining that a sentence reduction may be ordered where a court determines, upon consideration of the factors set forth in 18 U.S.C. § 3553(a), that "extraordinary and compelling reasons" exist and the defendant does not present a danger to the safety of any other person or the community. U.S.S.G. § 1B1.13. The application note to this policy statement lists three specific examples of extraordinary and compelling reasons to consider

2

reduction of a defendant's sentence under § 3582(c)(1)(A): (1) a medical condition; (2) advanced age; and (3) family circumstances. Id. n.1(A)-(C). A fourth catch-all category provides: "**As determined by the Director of the Bureau of Prisons**, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with," the aforementioned three categories. Id. n.1(D) (emphasis added).

In this case, the only possibly applicable category into which Greene may fall is a qualifying medical condition, particularly since the Director of the BOP has not determined he is eligible for relief. Greene bears the burden of demonstrating that compassionate release is warranted. Cf. United States v. Hamilton, 715 F.3d 328, 337 (11th Cir. 2013) (in the context of a motion to reduce under § 3582(c)(2)). To qualify as extraordinary and compelling, an inmate's medical condition must be "serious and advanced . . . with an end of life trajectory, U.S.S.G. § 1B1.13, app. note 1(a)(i), or must be serious enough that it "substantially diminish[es] the ability of the [inmate] to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover," id., app. note 1(a)(ii). Greene presents no medical evidence that he meets either of these criteria. Indeed, his argument seems to be that he will likely meet the criteria *if* he contracts COVID-19. Here, Greene is 51 years old and claims to suffer from diabetes, high blood pressure,

3

and high cholesterol. These factors may be high-risk factors delineated by the Center for Disease Control,[1] see Center for Disease Control, *At Risk for Severe Illness*, available at https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/groups-at-higher-risk.html (last visited on June 17, 2020); however, Greene provides no medical evidence to support his alleged serious medical conditions or the impact that COVID-19 would have upon him individually. His generalized concern about the pandemic and hyperbole (see Def.'s Mot., Doc. 31, at 4 ("The Defendant's exposure to his deadly virus is a virtual certainty.")) are at this point too speculative to qualify as extraordinary and compelling. As the Third Circuit explained: "[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive professional efforts to curtail the virus's spread." United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020). In short, without medical evidence and other necessary documentation (such as an approved home release plan) from which this Court may fully evaluate Greene's individual circumstances as

---

[1] The high-risk list includes "serious heart conditions" which include heart failure, coronary artery disease, congenital heart disease, cardiomyopathies, and pulmonary hypertension." High blood pressure in and of itself is not listed.

they relate to the COVID-19 pandemic, the Court denies Greene's request for compassionate release.

Upon the foregoing, Defendant Jerome Greene's application for modification of his sentence (Doc. 31) is **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this ___18th___ day of June, 2020.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA